1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9                    **DISTRICT OF NEVADA**
10

11   ANGELA L. YBARRA,
12          Plaintiff,                         Case No. 2:11-CV-00829-KJD-GWF
13   v.                                        **ORDER**
14   HOME 123 CORPORATION, *et al.*,
15          Defendants.
16

17          Before the Court is Angela Ybarra and Gabriel Ybarra's Motion for Temporary Restraining

18   Order and Preliminary Injunction (## 3, 4).[1]  Defendants Ocwen Loan Servicing, Duetsche Bank

19   National Trust Company, and Mortgage Electronic Registration Systems, Inc. ("Ocwen Defendants")

20   filed an opposition (#6) to which Defendant Saxon Mortgage Servicing, Inc. ("Saxon") joined (#13).

21   Also before the Court is the Ocwen Defendants Motion to Dismiss (#8).  This Motion was joined by

22   Saxon (#18) and Defendant National Default Servicing Corporation (#20).  Plaintiff filed an

23
24
_____

25       [1]  Plaintiffs' motions filed as a single motion.  The Clerk of the Court has separated them into two motions.  In
26   the District of Nevada, Special Order 109 requires that "[a] separate document must be filed for each type of document or
     purpose."

1  opposition (#19) and the Ocwen Defendants filed a reply (#23).  The Court rules on the pending

2  Motions together in this Order.

3  I.  Background

4       On September 23, 2010, Plaintiff Angela Ybarra filed a lawsuit against Ocwen Loan

5  Servicing in the District of Nevada (2:10-cv-01642-GMN-LRL).  Ms. Ybarra alleged violations of

6  various federal laws arising out of a mortgage on her property at 2149 Miner Way, Las Vegas,

7  Nevada (the "Property").  Ms. Ybarra moved for a temporary restraining order and preliminary

8  injunction in that action.  Judge Gloria M. Navarro denied the claims for injunctive relief and

9  dismissed Ms. Ybarra's claims for failure to state a claim. (See 2:10-cv-01642-GMN-LRL Dkt. #18

10  at 6.)  Judge Navarro gave Ms. Ybarra until May 17, 2011 to file an amended complaint curing the

11  deficiencies in her complaint, and cautioned that "[f]ailure to file an Amended Complaint by that day

12  will result in dismissal of this lawsuit."

13       On May 20, 2011, Ms. Ybarra together with her husband Gabriel (collectively "Plaintiffs")

14  filed this suit as a new action.  Plaintiffs added several defendants and filed a complaint listing

15  additional causes of action.  However, the subject matter of their complaint is the mortgage and

16  foreclosure of the Property.

17  II.  Res Judicata/Collateral Estoppel

18       Defendants argue that this case cannot be maintained because it is barred on grounds of res

19  judicata.   Under the doctrine of res judicata, a final judgment on the merits bars further claims by

20  parties or their privities based on the same cause of action.   See Brown v. Felsen, 442 U.S. 127

21  (1979).  A person may be precluded from pursuing a claim if a prior party so closely represented his

22  legal interests as to be his virtual representative.  See Nordhorn v. Ladish Co., Inc., 9 F.3d 1402 (9th

23  Cir. 1993).  Specifically, a federal action may be barred by the doctrine of res judicata where an

24  earlier lawsuit:  (1) involved the same claim as the present suit;  (2) reached a final judgment on the

25  merits;  and (3) involved the same parties or their privies.  See Blonder-Tongue Laboratories v. Univ.

26  of Ill. Found., 402 U.S. 313, 323- 324 (1971).  "[R]es judicata bars not only all claims that were

2

1  actually litigated, but also all claims that 'could have been asserted' in the prior action." Int'l Union

2  of Operating Engineers- Employers Constr. Indus. Pension, Welfare and Training Trust Funds v.

3  Karr, 994 F.2d 1426, 1430 (9th Cir. 1993) (citing McClain v. Apodaca, 793 F.2d 1031, 1033 (9th

4  Cir.1986)).   Likewise, "[r]es judicata bars all grounds for recovery that could have been asserted,

5  whether they were or not, in a prior suit  between the same parties on the same cause of action."

6  Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992).  "The central criterion in

7  determining whether there is an identity of claims between the first and second adjudications is

8  whether the two suits arise out of the same transactional nucleus of facts. " Frank v. United Airlines,

9  Inc., 216 F.3d 845, 851 (9th Cir.2000) (internal quotations omitted).  Claim preclusion is designed

10  "to force a plaintiff to explore all the facts, develop all the theories, and demand all the remedies in

11  the first suit."  18 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice

12  and Procedure,  § 4408 (2000).

13        Defendants argue that this action should be dismissed because the parties in this action are

14  the same or in privity with the parties in the prior action before Judge Navarro.  Plaintiffs are the

15  borrowers and owners of the Property that is the subject of both suits.  Ocwen Loan Services is

16  named in both actions as the servicer and the attorney-in-fact for the holding beneficiary Duetche.

17  Duetche has now been named as a defendant.  Also named as a defendant are Mortgage Electronic

18  Registration System, the prior nominee beneficiary for the lender, successor and assigns, and

19  National Default Servicing Corp. as the foreclosure trustee agent for Ocwen and Deutsche.  Home

20  123, New Century Mortgage, and Saxon, who are the prior lenders and loan servicers, are also

21  named.  Defendants argue that the origination, transfer, and foreclosure of the loan on the Property

22  are the transaction and set of facts giving rise to both suits.  Defendants claim that Judge Navarro's

23  decision operated as a judgment on the merits pursuant to Fed. R. Civ. P. 41(b) when the prior action

24  was dismissed and Ms. Ybarra failed to amend the complaint by May 17, 2011.

25        In their Opposition, Plaintiffs do not address Defendants' res judicata argument.  (See #19).

26  Failure to file points an authorities in opposition to a  motion constitutes consent to the granting of

1   the motion.  <u>See</u> L.R. 7-2.  The parties in this action are the same or in privity with parties to the first

2   action, and the "transactional nucleus of facts"– the mortgage and foreclosure of the Property– is the

3   same.  <u>Frank</u>, 216 F.3d at 851 (9th Cir.2000).  Plaintiffs failed to vigorously litigate all possible

4   theories and facts in their first suit. Accordingly, res judicata bars this suit.

5        It appears that Plaintiffs may have filed this action in an attempt to circumvent the

6   consequences of their failure to comply with Judge Navarro's order that any amended complaint

7   should be timely filed.  If their delay was excusable, they should have filed a motion before Judge

8   Navarro requesting leave to amend.  Filing a new lawsuit based on the mortgage and foreclosure of

9   the Property is inappropriate.  Accordingly, this action is dismissed.

10   <u>III.  Conclusion</u>

11       **IT IS HEREBY ORDERED THAT** Plaintiffs' Motion for Temporary Restraining

12   Order(#3) is **DENIED**.

13       **IT IS FURTHER ORDERED THAT** and Plaintiffs' Motion for Preliminary Injunction (#4)

14   is **DENIED**.

15       **IT IS FURTHER ORDERED THAT** the Ocwen Defendants' Motion to Dismiss (#8) is

16   **GRANTED**.

17       DATED this 20th day of October 2011.

18

19

20                     _____

                     Kent J. Dawson

21                    United States District Judge

22

23

24

25

26